## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## 5TH DIVISION

GARY REECE, for himself and all other
Arkansas residents similarly situated,

FILED 01/18/12 11:16:25
Larry Crane Pulaski Circuit Clerk
CR3

**PLAINTIFF**

VS.                                            CASE NO. 60CV-2010-5926

THE BANK OF NEW YORK, MELLON
AS TRUSTEE FOR CIT MORTGAGE LOAN
TRUST 2007-1                                                        **DEFENDANT**

60CV-10-5926      601-60100037068-010
GARY REECE ET AL V THE BANK 12 Pages
PULASKI CO       01/18/2012 11:16 AM
CIRCUIT COURT              FI40

## FIRST AMENDED CLASS ACTION COMPLAINT

Comes now Plaintiff Gary Reece ("Plaintiff") by and through his attorneys and for his

First Amended Class Action Complaint against The Bank of New York, Mellon ("BNY Mellon"

or "Defendant"), and states:

### NATURE OF THE CLASS ACTION

1.      Plaintiff brings this class action complaint on his own behalf and as a

representative of a class of Arkansas residents who were subject to non-judicial foreclosure

proceedings initiated by BNY Mellon within the State of Arkansas in the past five years

(hereafter, the "Class").

2.      By foreclosing on homes when not being authorized to do business in Arkansas,

BNY Mellon has engaged in unconscionable and unfair business practices in violation of the

Arkansas Deceptive Trade Practices Act ("ADTPA").

3.      Indeed, BNY Mellon has initiated non-judicial foreclosure proceedings under the

Arkansas Statutory Foreclosure Act of 1987 (hereafter, the "SFA") against hundreds, if not

thousands, of Arkansas residents throughout the state during the past five years, without meeting the strict statutory requirement that it be authorized to do business in the State of Arkansas.

4.      On April 14, 2003, the Arkansas legislature found that foreign entities not authorized to do business in the State of Arkansas were availing themselves to the provisions of the SFA, and often times to the detriment of Arkansas citizens.  As such, our legislature passed a bill, which became Arkansas law, requiring all foreign entities to be authorized to do business in the State of Arkansas before being able to use the SFA.

5.      BNY Mellon, however, is not and has never been authorized to do business in the State of Arkansas as required by the SFA.  In fact, it does not have a registered agent in the State of Arkansas and has not filed the proper paperwork with the Arkansas Secretary of State's Office to lawfully do business in Arkansas.   As such, BNY Mellon has not strictly complied with the provisions of the SFA as required by Arkansas law, and thus, has violated the ADTPA due to its unfair and unconscionable business practices.

## PARTIES

6.      Plaintiff Gary Reece is a resident of Little Rock, Pulaski County, Arkansas.

7.      Defendant Bank of New York, Mellon conducts non-judicial foreclosures within this District and the State of Arkansas, and has its principle business offices are at One Wall Street, New York, New York.

## JURISDICTION and VENUE

8.      This Court has subject matter jurisdiction over this action.

9.      This Court has personal jurisdiction over Defendant, because Defendant engages in business within this County and the State of Arkansas, and derives a substantial part of its revenue from within this County.

10.     Venue is proper in this Court because this County is where a substantial part of the events or omissions giving rise to the claim arose.  Plaintiffs are also residents of Pulaski County.

## FACTUAL ALLEGATIONS

11.     The SFA is codified at Ark. Code Ann. § 18-50-101 *et. seq.*  It was enacted by the Arkansas General Assembly in order to "provide an *efficient* and *fair* procedure for the liquidation of defaulted mortgage loans to the benefit of both the homeowner and the mortgage lender." (Emphasis added) (Acts 1987 No. 53, § 19: Feb. 18, 1987; Emergency Clause).

12.     The SFA contains requirements that must be strictly met in order for a mortgagee to avail itself of the remedies provided in Ark. Code Ann. § 18-50-101 *et. seq.*

13.     Ark. Code. Ann. § 18-50-116 and 117 require that any entity employing the SFA to foreclose on property in Arkansas must be a "mortgagee or beneficiary [who] is a mortgage company as defined in § 18-50-101 or is a bank or savings and loan" and that it be "authorized to do business in this state."

14.     Pursuant to Ark. Code Ann. § 18-50-101(1) and (6), a beneficiary is "a person named or otherwise designated in a deed of trust as the person for whose benefit a deed of trust is given or his successor in interest," and a mortgage is "the person holding an interest in real property as security for the performance of an obligation or his or her attorney-in-fact appointed pursuant to this chapter."

15.     Pursuant to Ark. Code Ann. § 18-50-117 and the Emergency Clause of Acts 2003, No. 1303, § 3: Apr. 14, 2003, the General Assembly found that, "foreign entities not authorized to do business in the State of Arkansas are availing themselves to provisions of the Statutory Foreclosure Act of 1987 that often times it is to the detriment of Arkansas citizens; and that this

act is immediately necessary because these entities should be authorized to do business in the State of Arkansas before being able to use the Statutory Foreclosure Act of 1987."

16.    The SFA, under Ark. Code Ann. § 18-50-116(d)(2)(A)(B)(ii), provides that nothing in this chapter shall be construed to impair the right of any person or entity to assert his or her legal and equitable rights in a court of competent jurisdiction.

17.    If the mortgagor fails to raise his or her legal or equitable rights in a court of competent jurisdiction before the sale of the property, then the mortgagor will waive such right or defense to the sale. However, the General Assembly added specific protections provided to the mortgagor to protect his property interests should the mortgagee or trustee fail to properly execute a foreclosure sale pursuant to Ark. Code Ann. § 18-50-101, *et seq.*

18.    Ark. Code Ann. § 18-50-116 provides for the waiver of any defenses that the mortgagor could have raised prior to the foreclosure sale, save for the assertion of the following claims:

> (i) Fraud; or (ii) Failure to ***strictly comply*** with the provisions of this chapter, including without limitation subsection (c) of this section.
>
> Ark. Code Ann. § 18-50-116(d)(2)(b)(I). (emphasis added)

19.    Since the SFA abrogates the common law and allows for the taking of property without judicial oversight, the Arkansas Supreme Court, when considering the SFA, held that, "[a]ny statute which is in derogation of or at variance with the common law must be strictly construed." *Henson v Fleet Mortg. Co.*, 319 Ark. 491, 497 (Ark. 1995).

20.    Ark. Code. Ann. § 18-50-102 precludes a person from serving as a trustee of a deed of trust under the SFA except for: licensed Arkansas attorneys ((a)(1)); banks or savings and loans authorized to do business under the laws of Arkansas or the United States

((1)(2)); their affiliates or out-of-state banks authorized to do business under the laws of Arkansas or the United States ((a)(3)); or an agency or authority of the state ((a)(4)).

21.     Ark. Code. Ann. § 18-50-116 specifically states that only banks, mortgage companies, and savings and loans can avail themselves of the procedures afforded by the SFA while Ark. Code. Ann. § 18-50-117 requires that the entity be authorized to do business in this state.

22.     As a result of Act 1303 of 2003, the SFA mandates that "no person, firm, company, association, fiduciary or partnership, either domestic or foreign," shall be entitled to enjoy the right to Arkansas' non-judicial foreclosure procedures unless they are authorized to do business in Arkansas.

23.     At no time during the Class Period, as defined below, was Defendant authorized to conduct non-judicial foreclosures in Arkansas under the provisions of SFA as alleged above.

24.     Defendant availed itself to the SFA and initiated statutory foreclosure proceedings on Plaintiff's home within the State of Arkansas at a time it was not authorized to do business in the State of Arkansas.

25.     Defendant has availed itself to the SFA and non-judicially foreclosed on the Class Members' real estate within the State of Arkansas at times it was not authorized to do business in the State of Arkansas

26.     Defendant's non-judicial foreclosure proceedings on Plaintiff's and the Class Members' real estate property were unlawful, because they were done so in violation of the SFA as Plaintiff was not authorized to do business within the State of Arkansas.

27.     Defendant's failure to strictly comply with the requirements of the SFA in availing itself to the SFA and non-judicially foreclosing on Plaintiff's and the Class Members'

real estate property were unfair and unconscionable business practices in violation of the ADTPA.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff hereby re-alleges and incorporates the foregoing Paragraphs, as if set forth herein, word for word.

29.     The Class is defined as follows:

All residents of the State of Arkansas who were subject to non-judicial foreclosure proceedings initiated by BNY Mellon within the State of Arkansas in the past five years immediately preceding the filing of the original class action complaint up to and through the date of judgment in this case.  Excluded from the Class are Defendant, its officers and directors, agents, and employees.

30.     The Class Period shall include the five years preceding the filing on this counterclaim up to and through entry of judgment in this action.

### *Typicality/Ascertainability*

31.     Plaintiff's claims are typical of the transactions between the Defendant and all other Arkansans who have been subject to non-judicial foreclosure actions by Defendant when it did not have standing to bring such proceedings as described herein.

### *Commonality*

32.     Plaintiff's claims raise issues of fact or law, which are common to the members of the putative class.  These common questions include, but are not limited to the following:

a.  Whether Defendant is authorized to do business in the State of Arkansas;

b.  If not, whether Defendant may avail itself to the foreclosure proceedings under the SFA within the State of Arkansas;

c.  If not, whether Defendant's actions in failing to strictly comply with the provisions of the SFA by not being authorized to do business within the

State of Arkansas are unfair and unconscionable business practices in violation of the ADTPA;

33.     These issues are common among all putative class members and predominate over any issues affecting individual members of the putative class.

*Numerosity*

34.     Defendant has conducted thousands of unlawful non-judicial foreclosures in Arkansas.

35.     The members of the class are so numerous and scattered throughout the State of Arkansas that joinder of all members is impracticable.

*Superiority*

36.     A class action is superior to other available methods of relief for the fair and efficient adjudication of the claims raised herein.

37.     In the absence of class-action relief, the putative class members would be forced to prosecute thousands of similar claims in different jurisdictions and venues throughout the State of Arkansas, which would waste the judicial resources within the State, and with the risk of inconsistent outcomes.

38.     The prosecution of these claims as a class action will promote judicial economy.

39.     The claims raised herein are well suited for class-action relief.

40.     A class action would benefit both the Class and Defendant through a single resolution of similar or identical questions of law or fact.

*Adequacy*

41.     Plaintiff is interested in the outcome of this litigation and understands the importance of adequately representing the class.

42.     Plaintiff will fairly and adequately protect the interests of the class sought to be certified in this case.

43.     Class counsel are experienced in class-action and complex consumer litigation and are qualified to adequately represent the class.

44.     This case fully satisfies the requirements of Rule 23 of the Arkansas Rules of Civil Procedure and should be certified as a class action.

## COUNT I

### VIOLATIONS OF THE ARKANSAS
### DECEPTIVE TRADE PRACTICES ACT

45.     Plaintiff and the Class Members re-allege and incorporate by reference all previous paragraphs as if fully set forth herein.

46.     The ADTPA, Ark. Code Ann. § 4-88-101, *et seq.*, is designed to protect Arkansans from deceptive, unfair and unconscionable trade practices. The ADTPA is a remedial statute, which is to be liberally construed.

47.     The practices employed by Defendant in initiating non-judicial foreclosure proceedings without being authorized to conduct business in Arkansas are unfair and unconscionable under the ADTPA, and thus, violate the provisions of the ADTPA.

48.     Defendant is engaged in "business, commerce, or trade," within the meaning of Ark. Code Ann. § 4-88-107(a)(10) and is a "person" within the meaning of Ark. Code Ann. § 4-88-102(5).

49.     Further, within the meaning of Ark. Code Ann. § 4-88-113(d) Defendant "directly or indirectly" controlled others who might be liable for violations of the ADTPA and "knew or should have known" of the violations of the ADTPA.

50.     Defendant's violations of the ADTPA resulted in Plaintiff and the Class having their homes wrongfully foreclosed entitling them to actual damages pursuant to Ark. Code Ann. § 4-88-113(f).    Defendant is also liable for attorneys' fees, and enhanced penalties under the ADTPA.

## COUNT II

### UNJUST ENRICHMENT

51.     Plaintiff and the Class Members re-allege and incorporate by reference all previous paragraphs as if fully set forth herein.

52.     Defendant received from the Plaintiff and Class members certain monies and property as a result of Defendant's conduct listed above which are unreasonable and excessive, and the result of overreaching.

53.     As a result, Plaintiff and the Class have conferred a benefit on Defendant, and Defendant had knowledge of this benefit and have voluntarily accepted and retained the benefit conferred on it.

54.     Defendant will be unjustly enriched if they are allowed to retain such funds and property, and Plaintiff and each Class Member are entitled to such equitable relief as may be determined by the Court, in an amount equal to the amount Plaintiff and each Class Member enriched Defendant and for which Defendant has been unjustly enriched.

55.     Further, Plaintiff and the Class Members are entitled to equitable relief voiding all of Defendant's non-judicial foreclosures for them and the Class where Defendant failed to strictly comply with the provisions of the SFA.

## COUNT III

## SLANDER OF TITLE

56.     Plaintiff and the Class Members hereby re-alleges and incorporates the foregoing Paragraphs, as if set forth herein, word for word.

57.     By engaging in unauthorized actions under the SFA, Defendant has caused instruments to be filed of record in the offices of County Recorders of Arkansas, which adversely affect Plaintiff and Class Members' title and interest in their real property.

58.     Defendant has used instruments, filed of record, to exact money and property from Class Members.

59.     Defendant's actions violate Arkansas Code Annotated § 5-37-226.

60.     Plaintiff and each member of the Class are entitled to judgment for actual damages, treble damages, punitive damages and judgment for attorneys' fees and costs.

## JURY DEMAND

Plaintiff reserves the right to amend this pleading as allowed by the Arkansas Rules of Civil Procedure and hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray for the following relief:

a.      An order certifying the claims asserted herein as a class action;

b.      Awarding Plaintiff and the Class judgment on each of the claims asserted herein;

c.      Awarding Plaintiff and the Class their damages, treble damages, and punitive damages;

d.      Awarding Plaintiff and the Class their attorneys' fee and costs of this litigation;

e.      Awarding equitable relief on behalf of Plaintiff and the Class by invalidating all of Defendant's statutory foreclosures within the State of Arkansas during the Class Period related to them;

f.      Disgorging all sums unjustly received by and to which Defendant has been unjustly enriched and provide such sums to Plaintiff and the Class; and,

g.      Awarding Plaintiff and the Class all other damages, awards, and injunctive relief the Court finds to be proper and just.

Dated: January 18, 2012                              Respectfully Submitted,

Scott E. Poynter
Chris D. Jennings
Will T. Crowder
Corey D. McGaha
EMERSON POYNTER LLP
500 President Clinton Ave., Ste 305
Little Rock, AR 72201

John G. Emerson (08012)
EMERSON POYNTER LLP
830 Apollo Lane
Houston, TX 77058
Phone:  (281) 488-8854
Fax:  (281) 488-8867

Joel Hargis
CRAWLEY DELOACHE & HARGISJOE
533 West Washington
Jonesboro, AR 72401

Kathy A. Cruz
THE CRUZ LAW FIRM
1325 Central Avenue
Hot Springs, AR 71901

Todd Turner
Dan Turner
ARNOLD, BATSON, TURNER &
TURNER, P.A.
501 Crittenden Street
P.O. Box 480
Arkadelphia, AR 71923

COUNSEL FOR PLAINTIFF
AND THE DEFINED CLASS


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon the following counsel on this 18th day of January 2012.

Samuel S. High
WILSON & ASSOCIATES, PLLC
1521 Merrill Drive, Suite D-220
Little Rock, AR 72211


Scott E. Poynter