**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**GARY REECE, on behalf of himself and all**
**other similarly situated Arkansas residents**                    **PLAINTIFF**

v.                    **CASE NO. 4:12CV00091 BSM**

**BANK OF NEW YORK MELLON, as Trustee for**
**CIT Mortgage Loan Trust, 2007-1**                                **DEFENDANT**

## ORDER

For the reasons set forth below, plaintiff Gary Reece's motion to remand [Doc. No. 15] is denied. Defendant Bank of New York Mellon's ("BNYM") motion to dismiss [Doc. No. 10] is granted and all claims against BNYM are dismissed with prejudice.

### I. REMAND

Reece's motion to remand [Doc. No. 15] is denied because there is federal diversity jurisdiction. As stated in the notice of removal, the amount in controversy for Reece's claims alone is at least $139,000. [Doc. No. 1] at ¶ 17. Additionally, the class action complaint seeks compensatory, treble, and punitive damages for an entire class of plaintiffs, [Doc. No. 4] at 10, making it clear that the amount in controversy exceeds the $75,000 required for diversity jurisdiction. 28 U.S.C. § 1332. The class action complaint establishes diversity of citizenship by stating that Reece and the entire plaintiff class are residents of the state of Arkansas and BYNM is a resident of the state of New York. [Doc. No. 4] at ¶¶ 6-7. Therefore, Reece's motion to remand [Doc. No. 15] is denied because the class action complaint meets the requirements for federal diversity jurisdiction as specified in 28 U.S.C. § 1332.

## II. DISMISSAL

The class action complaint and resulting claims filed by Reece are literally identical to the plaintiff's class action complaint and claims in *Rivera v. JPMorgan Chase Bank*, 470 B.R. 829 (E.D. Ark. 2012). *Compare* [Doc. No. 4] in the present case *with* [Doc. No. 1] in case number 3:11-CV-198-JLH. The claims in both cases rely solely on the allegation that the defendant banking entity is not authorized to initiate non-judicial foreclosure proceedings under the Arkansas Statutory Foreclosure Act. This court has already held that any national bank authorized by Congress to engage in the business of banking throughout the United Sates, is authorized to do business, including foreclosures, in the state of Arkansas. *Rivera*, at 834-835. Therefore, pursuant to *Rivera* and the court's order at [Doc. No. 47] in case number 3:11-CV-198-JLH, BNYM's motion to dismiss [Doc. No. 10] is granted and all claims against BNYM are dismissed with prejudice.

## III. CONCLUSION

For all of these reasons, Reece's motion to remand [Doc. No. 15] is denied, BNYM's motion to dismiss [Doc. No. 10] is granted, and all claims against BNYM are dismissed with prejudice.

IT IS SO ORDERED this 20th day of September 2012.

_____
UNITED STATES DISTRICT JUDGE